IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02521-GPG

LUIS ANDRES VALERO-JORGE,

     Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement, in his official capacity;
MARKWAYNE MULLIN, Secretary, Department of Homeland Security, in his official capacity.
TODD BLANCHE, Acting U.S. Attorney General, in his official capacity;
JUAN BALTASAR, Warden of the Denver Contract Facility, in his official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY; and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

     Respondents.

---

## ORDER

---

Before the Court is Petitioner's Opposed Motion to Enforce Habeas Order and Request for Immediate Release (D. 16).

On July 1, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) "at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest" (D. 10 at 2–3). After a requested extension was granted, on July 10, 2026, Petitioner received a bond hearing in front of an Immigration Judge (D. 14 at 2; D. 15 at 2).

The IJ largely rejected Petitioner's evidence and found that the evidence provided by the U.S. Department of Homeland Security (DHS), "viewed together with the record as a whole, satisfies its burden of establishing dangerousness by clear and convincing evidence" (D. 16-7 at

3).   The IJ also found that "DHS has established by a preponderance of the evidence that respondent presents a risk of flight" (*id*.).

Petitioner argues that "Respondents violated the Court's express Order by failing to address whether Petitioner's detention was proper at the time of arrest (D. 16 at 7).   He further asserts the use of evidence produced shortly before the hearing constituted a denial of due process (*id*. at 9). Finally, Petitioner argues that the "nature and structure" of the proceedings show that the "burdens were not meaningfully applied" (*id*. at 10) and that the written decision materially mischaracterized the record (*id*. at 12).

Petitioner's argument regarding the failure to address whether the detention was proper at the time of his arrest are not persuasive.  As part of a status report Respondent filed as an exhibit a warrant for Petitioner's arrest (D. 15-1 at 2).  In view of this evidence, Petitioner does not raise any argument that his detention was not proper at the time he was detained or assert that he raised such an argument before the IJ.  Without any indication that improper initial detention renders Petitioner's ongoing confinement unlawful, the Court does not find a basis grant further relief.

Upon review of the IJ's written decision and the audio recording of the hearing, the Court does not find there is sufficient evidence that the IJ failed to consider Petitioner's evidence or that the bond hearing was procedurally unfair to a constitutional degree.  The IJ identified the applicable burdens of proof and applied them to the evidence.  After the evidence was produced, the IJ delayed the hearing to provide Petitioner an opportunity to prepare and respond.  Further, the IJ's determination that Respondent presented a flight risk does not rely on any of the challenged evidence and, therefore, it is an independent basis for continued detention (see D. 16-7 at 3–4).

Petitioner's remaining arguments boil down to a disagreement with the IJ that the government's evidence related to Petitioner's alleged gang affiliations was sufficient to prove, by clear and convincing evidence, that Petitioner is a danger to community and the inconsistencies in Petitioner's evidence along with failures to keep his address updated did not show flight risk. While the Court is empowered to prescribe the applicable burden of proof an IJ must apply at a bond hearing in the name of due process, *see Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *2–3 (D. Colo. Nov. 14, 2025), and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden.  The INA explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C. § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review."  8 U.S.C. § 1226(e).

Based on the IJ's indication that she considered all evidence presented and found that DHS had made the required showings by the applicable burdens, the Court cannot say that she did not consider Petitioner's evidence or improperly applied the burden required by the Court.  Here, the Court ordered that Respondents provide Petitioner with a bond hearing at which they bore the burden of proof, and Respondents appear to have done so.  The Court is not at liberty to revisit the IJ's particular findings and sees no merit in ordering a new hearing simply to display the uncontested warrant.

Accordingly, Petitioner's Opposed Motion to Enforce Habeas Order and Request for Immediate Release (D. 16) is DENIED.

DATED July 29, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge